**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY S. PATERSON, | No. 14-16639 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00845-HDM-WGC |
| v. | |
| DUNHAM; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted March 15, 2016[**]

Before:    GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Nevada state prisoner Jeffrey S. Paterson appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging that prison

officials were deliberately indifferent to his safety in connection with an assault by

other inmates.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

*Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Paterson failed to raise a genuine dispute of material fact as to whether defendants knew of and disregarded an excessive risk to Paterson's safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that "a prison official cannot be found liable [for deliberate indifference] unless the official knows of and disregards an excessive risk to inmate health or safety").

The district court did not abuse its discretion in denying Paterson's motion for reconsideration because Paterson failed to demonstrate any grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and listing grounds warranting reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

The district court did not abuse its discretion in partially denying Paterson's motions to strike and for sanctions because sanctions are only appropriate in extreme circumstances where the violation is due to willfulness, bad faith, or fault of the party. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002) (setting forth standard of review).

We reject as unsupported by the record Paterson's contention that the district court improperly relied on a transcript of a telephone call attributed to him by

defendants.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**